## FINNEY *v.* GUY.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 180.   Argued February 27, March 2, 1903.—Decided April 6, 1903.

Where a case turns upon the construction by a state court of a statute of another State, and not upon the validity of such statute, a decision on that question is not necessarily of a Federal character.   It depends upon the particular facts of each case and the manner in which they are presented, how far such questions can be regarded as coming under the full faith and credit clause of the Constitution.

As decided in *Hale* v. *Allinson*, 188 U. S. 56, a receiver of an insolvent corporation appointed by the courts of Minnesota under the statutes of that State then existing cannot maintain an action outside of that State to enforce the statutory double liability of the stockholders; in refusing to allow such a receiver to maintain such an action, the courts of Wisconsin did not fail to give full faith and credit to the laws and judgments of Minnesota, under the Federal Constitution.

Where the law of a foreign jurisdiction has been proved as a fact, the evidence of a witness, stating such law and decisions as to its meaning and effect, does not preclude the court from itself consulting and construing such statute and decisions, and deducing its own opinion in regard thereto, *Eastern Building & Loan Assn.* v. *Williamson, ante,* p. 122; nor is the right and duty of the courts to themselves construe statutes and decisions of a foreign jurisdiction altered because such law and decisions are set forth in a pleading which is demurred to instead of being proved as facts on a trial.

Whether, apart from Federal questions, the courts of one State should permit an action of this nature to be maintained on the principle of comity, is a question exclusively for the state court to decide.

THIS action was commenced in a proper court of the State
of Wisconsin to enforce the shareholders' liability under a
Minnesota statute, in a corporation of Minnesota and doing
business in that State. The defendant demurred to the com-
plaint on the ground, among others, that it did not state facts
sufficient to constitute a cause of action. The demurrer was
overruled by the trial court and judgment given for the plain-
tiff, which was reversed by the Supreme Court of the State,
106 Wisconsin, 256, and the case has been brought here by
plaintiff to review the judgment of reversal.

The facts alleged in the complaint are in substance these:
That during all the times therein mentioned the American Sav-
ings and Loan Association, one of the plaintiffs herein, was a
corporation organized under the laws of the State of Minne-
sota, and on June 18, 1896, William D. Hale, another plaintiff
in this action, was appointed receiver thereof; that the Farm-
ers' and Merchants' State Bank was, on June 6, 1888, a banking
organization, by virtue of the laws of the State of Minnesota,
and doing business as such; that the bank became insolvent
in June, 1893, and the entire net proceeds of the bank's assets
amounted to the sum of $12,539.95, all of which had been paid
over to the State of Minnesota on account of the indebtedness
of the bank to the State of over $28,000, which was a preferred
claim under the laws of that State; that its other debts
amounted to the sum of more than one hundred thousand dollars,
and it had no property to satisfy the same; that the defendant,
Mary A. Guy, a resident of the State of Wisconsin, was the
owner of three shares of the capital stock of the bank in her
own right, and that she owned sixteen shares of the stock of
the bank as executrix of the will of her husband and as legatee
thereunder.

It was then averred that suit had been commenced in Minne-
sota in 1894 to enforce the liability of the stockholders of the
bank under and by virtue of the laws and constitution of the
State of Minnesota; that such suit had been commenced by
the American Savings and Loan Association, which was a cred-
itor of the bank, in behalf of itself and all other creditors who
should come in and make themselves parties to the suit and

prove their claims therein, and against all the stockholders of the bank, process was, however, not served on this defendant, but only on those residing within the State; that such proceedings were had in the suit that judgment was duly rendered therein on April 28, 1897, in favor of the complainant, the American Savings and Loan Association, for the amount of the indebtedness of the bank to it, and also in favor of the other creditors of the bank, who had duly intervened, for the various amounts due them from the bank. It was also adjudged that the amount of the debts of said bank aggregated the sum of $10,6471.71.

It was then further averred in the complaint that Finney (one of the plaintiffs herein) was appointed receiver in the Minnesota suit for the purpose of collecting and enforcing the respective liabilities of the defendant stockholders, and that an order had been made authorizing and empowering him to proceed against those of the defendant shareholders residing in other jurisdictions in such other jurisdictions, for the purpose of enforcing the liabilities of such shareholders, and with full power and authority to distribute the proceeds of such action among the parties entitled thereto, after final payment in full, out of the proceeds, of the costs and expenses incurred, etc. It was then averred that pursuant to the instructions of the Minnesota court, Finney, as receiver therein, commenced this action against Mary A. Guy, and joined with him as plaintiffs all the creditors of the bank who had proved their claims in the Minnesota suit, and it was also averred that Mrs. Guy was liable to the creditors of the bank in the sum of $3800, double the amount of the par value of the three shares owned by her individually and of the sixteen shares formerly owned by her husband, and that she was the only stockholder who was a resident of Wisconsin, and therefore the only defendant in the case, and that the full amount of her double liability, if recovered, would be wholly insufficient to pay the indebtedness of the bank after applying everything that could be collected from all the other stockholders, some of whom were insolvent, some had been compromised with and from others nothing could be collected.

The complaint then set forth several sections of the General Statutes of the State of Minnesota of 1878, among them being sections 5905, 5906, 5907 and 5911, and it was averred that this action could be maintained by reason of such sections. They are the same as are set forth in *Hale* v. *Allinson*, 188 U. S. 56. It was then averred that decisions in the courts of the State of Minnesota had been rendered relating to the liability of stockholders under those statutes, in corporations organized under the laws of that State, as to the proper method of enforcing such liability. The complaint then referred to some twenty different decisions in the state courts of Minnesota by titles and gave a reference to the volumes in which they were reported, and it then stated what the law of Minnesota was under those decisions and statutes, as to the liability of stockholders, and the manner in which that liability could be enforced and the effect of a judgment recovered in a state court by a creditor in his own behalf and in behalf of all others similarly situated, and it averred that a judgment such as was obtained in the Minnesota suit was conclusive upon stockholders, even though they were not parties thereto, as to all questions of indebtedness of the bank and who were its creditors, and that defendant, though not served with process in that suit, was concluded by the judgment as to her liability as shareholder, except as therein stated. It also averred that the Minnesota decisions held that after such a judgment had been obtained under those statutes a suit could be maintained in the courts of another jurisdiction, similar to the one before us, and the complaint ended with a prayer for judgment that the defendant should pay the plaintiff the sum of $3800, with interest thereon since April 28, 1897, and that A. C. Finney, one of the plaintiffs, be appointed receiver herein, to collect the amount and distribute the same pro rata among the other plaintiffs.

*Mr. Fred W. Reed* for plaintiffs in error. *Mr. F. H. White* was on the brief.

*Mr. Robert M. Bashford* for defendant in error.

MR. JUSTICE PECKHAM, after making the foregoing statement of facts, delivered the opinion of the court.

The demurrer raises the question whether the complaint states facts sufficient to constitute a cause of action. The plaintiffs contend that their cause of action is based upon the decisions and judgments of the courts of the State of Minnesota, and upon the statutes of that State, and that the Wisconsin Supreme Court in sustaining the demurrer has thereby failed to give that full faith and credit to the laws and judgments of the State of Minnesota and its courts which they receive in that State and which they are entitled to under the Constitution and laws of the United States, and that by reason thereof a Federal right has been denied them.

They urged that, under the judgment of the *American Savings & Loan Association* v. *Farmers' & Merchants' State Bank,* which was recovered in the Minnesota court, and is referred to in the foregoing statement of facts, the defendant is concluded as to her defence to the same extent she would have been had she appeared and contested her liability in the Minnesota courts, and that as a consequence the Wisconsin courts are bound to give the same effect to that judgment in their courts that it has in the courts of Minnesota; that if such effect had been awarded that judgment, then this action could have been maintained; and the Wisconsin court in sustaining the demurrer denied such effect to the judgment, which was a violation of a right founded upon the Federal Constitution.

It is stated by the Supreme Court of Wisconsin that that State for many years has had a statute for the enforcement of the liability of stockholders in corporations similar to that which exists in Minnesota, and that it had been frequently decided under such statute that an action of the nature of the one at bar could not be maintained in her courts, and also that it was against the public policy of Wisconsin to permit it; that the remedy under the Wisconsin statute was exclusive, and consisted in a suit in equity at the home of the corporation, in the nature of a partnership accounting, the parties to which would be all the creditors or a creditor in his own behalf and in behalf of all

others similarly situated who would come in and make themselves parties, and the stockholders who could be served with process in the State.

Whether a cause of action is stated in a pleading, is generally to be decided with reference to the law of the State where the action is pending. If the state court hold that no cause of action is set forth in the pleading and that it is against the public policy of the State to permit an action for such a purpose, we should generally hold that there was no Federal question involved in such determination. The plaintiffs, however, urge that there is here an exception to that rule founded upon the considerations just stated, and that if under the Minnesota law this action could be maintained, the courts of Wisconsin are bound to entertain jurisdiction to the same extent. It is not, however, the case that every decision regarding the proper construction of the statute of another State, involves a Federal question. Where the case turns upon the construction and not the validity of the statute, a decision of that question is not necessarily of a Federal character. *Johnson* v. *New York Life Insurance Company*, 187 U. S. 491, 496. Without precisely determining just how far questions of this kind can in all cases be regarded as coming under the rule giving full faith and credit to the public acts, records and judicial proceedings of another State, depending, as such questions must, upon the particular facts of each case and the manner in which they are presented, we may, nevertheless, examine the contentions of the plaintiffs in error to see how far they are justified in the law.

After quite a full examination of the Minnesota decisions on the question, we have just decided in *Hale* v. *Allinson*, 188 U. S. 56, that a receiver appointed in Minnesota, under these same statutes, could not maintain an action outside of that State to enforce the liability of a stockholder, and it was said that the courts of Minnesota had held the same thing for many years. An examination of the decisions of the Minnesota courts shows that they had held that the remedy provided by the statutes of the State for the enforcement of stockholders' liability was a suit in equity in that State by a creditor in his own behalf and that of all other creditors, against all the stockholders of the

corporation, or so many of them as could be served with process, and that it was exclusive, and no other remedy could be availed of even within the jurisdiction of the courts of Minnesota. That being the law of Minnesota, it would, of course, prevent an action outside the State, by a receiver as well as by any other plaintiff, to enforce the stockholders' liability. Hence, in the *Hale-Allinson* case, we held the receiver could not maintain such an action in a foreign jurisdiction and in a Federal court.

The case of *Allen* v. *Walsh,* 25 Minnesota, 543, has been cited as sustaining this rule. Many other cases have been cited as holding the same rule, an exclusive remedy under the statute and to be pursued only in the courts of the State. *Allen* v. *Walsh* does hold (and it has been followed by many others to the same effect) that the only remedy is that created by the statute, and that remedy is an action in equity in the home courts wherein all the creditors and all the stockholders are parties, or as many of the latter as can be served, and in that action all the rights of the different parties can be adjusted. The remedy being exclusive, the statute must be followed, and the result is that no other action to enforce the liability can be availed of in another State. This would call for an affirmance of the judgment but for the claim now urged by counsel for plaintiffs, that the case of *Allen* v. *Walsh* has been overruled by subsequent cases in Minnesota, and that the law is correctly set forth in the complaint. He calls attention to the fact that this case has not gone to trial upon an issue of any question of fact, but the questions to be determined have arisen on demurrer to the complaint; that the complaint avers as a fact that by the law of Minnesota such an action as this can be maintained in the courts of a foreign jurisdiction after a judgment has been recovered in an action in the state court, such as is referred to in the complaint, and that the defendant by demurring admits that the law is as stated in the complaint, and therefore the court is bound to give effect to the law of Minnesota such as is set forth in that pleading. This is too broad a claim to be maintained.

If the case had been on trial upon issues of fact, among them

being one as to what the law of Minnesota was, and the stat-
utes as well as the decisions above mentioned had been proved
and a witness learned in the law of Minnesota had testified
what such law was, as deduced by him from those statutes
and decisions, his testimony would not, even though uncontra-
dicted, conclude the court upon that issue.    Although the law
of a foreign jurisdiction may be proved as a fact, yet the evi-
dence of a witness stating what the law of the foreign jurisdic-
tion is, founded upon the terms of a statute, and the decisions
of the courts thereon as to its meaning and effect, is really a
matter of opinion, although proved as a fact, and courts are not
concluded thereby from themselves consulting and construing
the statutes and decisions which have been themselves proved,
or from deducing a result from their own examination of
them that may differ from that of a witness upon the same
matter.    In other words, statutes and decisions having been
proved or otherwise properly brought to the attention of the
court, it may itself deduce from them an opinion as to what
the law of the foreign jurisdiction is, without being conclusively
bound by the testimony of a witness who gives his opinion as
to the law, which he deduces from those very statutes and de-
cisions.

It was stated by Mr. Justice Brewer, speaking for the court
in *Eastern Building & Loan Association* v. *Williamson,* 189
U. S. 122, a case just decided and where the same question in
substance was before us, as follows :

" But it is contended that the construction of the New York
statutes as applicable to this contract was shown by the deci-
sions of the courts of that State and the opinion of one learned
in its laws ; that there was no contradictory testimony, and,
therefore, it was the duty of the South Carolina courts to find
as a fact that such was the true construction."

This was the contention of the defendant, and then, after re-
ferring to the construction of the contract as contended for by
the plaintiff, the Justice continued :

" It is said that the promise made in the certificate is ex-
pressly based upon ' full compliance with the terms, conditions
and by-laws printed on the front and back of this certificate ; '

that one of the conditions expressed on the face of the certificate is : ' The shareholder agrees to pay, or cause to be paid, a monthly installment of seventy-five cents on each share named in this contract, the same to be paid on or before the last Saturday of each month until such share matures or is withdrawn ;' that it contained this further stipulation : ' Payable in the manner and upon the conditions set forth in said terms, conditions and by-laws hereto attached,' and that these matters thus referred to had the effect of changing the absolute promise to a conditional one.   All these were received in evidence, and when so received it became a matter of judicial construction to determine whether they had such effect, and that was a question which, nothing else being shown, was for the consideration of the courts in which the litigation was pending.   In like manner, after the decisions of the courts of New York were received in evidence, their meaning and scope became matters for the same consideration.   While statutes and decisions of other States are facts to be proved, yet when proved their construction and meaning are for the consideration and judgment of the courts in which they have been proved.   Nor is the rule changed by the testimony given in the deposition of defendant's counsel, for, as he states, his opinion is based on the statutes, the articles of incorporation and the decisions admitted in evidence, together with similar decisions of other States under like statutes, articles of incorporation and by-laws.   No witness can conclude a court by his opinion of the construction and meaning of statutes and decisions already in evidence.   *Laing* v. *Rigney*, 160 U. S. 531.   The duty of the court to construe and decide remains the same."

This right and duty of the courts to themselves construe the statutes and decisions are not altered because the law of the foreign State and the various decisions of its courts are alleged to be as set forth in a pleading which is demurred to instead of being proved on a trial.

In this case the statutes together with references to the decisions of the state courts are given in the complaint, and the pleader, by making an averment in the form of a fact, assumes to give a meaning to them such as he thinks to be correct, but

the duty still remains with the courts to themselves determine from those statutes and decisions what is in truth the law of the foreign jurisdiction. The courts are not concluded by an averment of what is the law in a foreign jurisdiction, contained in a pleading which is demurred to, any more than they would be by the testimony of a witness to the same effect upon a trial; certainly not when the statute upon which the case rests is set forth and the decisions under it are also referred to as evidence of the law. The demurrer does not admit as a fact, that the construction (in the form of an averment of fact) which the pleader may choose to put upon those statutes or decisions is the right conclusion to be drawn from them. Notwithstanding the averments in the complaint we are brought to an examination of the statutes and decisions referred to, in order to ourselves determine what the law of Minnesota is.

We are unable to see that the case of *Allen* v. *Walsh,* 25 Minnesota, 543, *supra,* has been overruled upon the material point in this case, by *Hanson* v. *Davison,* 73 Minnesota, 454, so as to call for a different decision than would be made under *Allen* v. *Walsh,* and the many similar cases. We have already referred to the *Hanson* case in *Hale* v. *Allinson,* 188 U. S. 56, *supra,* and do not regard it as necessary to continue the discussion here. It is enough to say that it is no authority for the contention that the former cases are overruled further than the issue presented in the case called for. The right to bring into the original case in equity in the state court after judgment had been obtained therein, a stockholder who was not served with process in that suit, but who appeared after judgment and after his property had been attached, was asserted in and decided by the state court, but it did not decide that the remedy in the state court as provided in the statute did not continue to be exclusive, nor did the state court assume to decide that any further action could be maintained in the courts of a foreign jurisdiction to enforce the stockholders' liability. No such issue was involved in the *Hanson* case, and the opinion regarding such question is only the opinion of the very able judge who gave it, upon an abstract proposition, as distinguished from an adjudication upon a point actually in issue, and in that case, in

speaking to that point, the judge only said he saw nothing in the statute to prevent such an action in the courts of another State, provided such courts would permit it. We think the law of Minnesota still remains upon this particular matter as stated in the former cases, which have not been overruled by *Hanson* v. *Davison.* This, in effect, has been held in the *Hale-Allinson* case, which we have just decided.

Nor is this case controlled or covered by *Whitman* v. *Oxford National Bank,* 176 U. S. 559, and *Hancock National Bank* v. *Farnum,* 176 U. S. 640. In the former case the special provisions of the Kansas statutes were referred to. It was stated to be the law in Kansas that it only required a judgment against the corporation and an unsatisfied execution returned, after which any creditor could sue any shareholder wherever he could be found. There was no suit in equity in the nature of a partnership accounting necessary. The liability of the shareholder, although statutory in origin, was held contractual in its nature, and under the statute the cause of action was transitory and could be maintained in any tribunal having jurisdiction where process could be served upon the individual shareholder, and in such an action the latter could set off debts due him from the company. The Kansas cases, expressing these views, were referred to in the opinion.

In the second case it was again held that under the statute and the decisions of the Kansas courts, after a judgment had been obtained against the corporation and an execution returned unsatisfied, the individual creditor could maintain an action against a single stockholder in any court of competent jurisdiction. Having the right to maintain such action, it was held that when it was commenced in another State and in a proper court thereof, the judgment which was obtained in Kansas must have the same faith and credit given it in the courts of another State that was given it in Kansas. Neither case is applicable to the one before us. The statutes are radically different, and no one creditor can maintain the action under the Minnesota statute, and if all unite, they must sue in the courts of that State.

Whether, aside from the Federal considerations just discussed,

the Wisconsin court should have permitted this action to be maintained, because of the principle of comity between the States, is a question exclusively for the courts of that State to decide. The right to maintain it under the facts of this case is not founded upon any provision of a Federal nature, and we cannot supervise the action of the Wisconsin court in this particular.

The judgment of the Supreme Court of Wisconsin must be

*Affirmed.*

Mr. Justice McKenna did not hear the argument and took no part in the decision of this case.

Mr. Justice Brewer dissented.