O’NIELL, Chief Justice
 

 (dissenting).
 

 As I understand it, the ruling in this case is that the plaintiff’s petition shows a cause of action because she alleges that her mother and Ulisse Marinoni, Jr., entered into what she calls a common-law marriage in Mississippi City, in the state of Mississippi, on August 25, 1900. The theory of the prevailing opinion seems to be that a suit founded, not upon the laws of the state in which the suit is brought, but upon the law or laws of another state, is not subject to demurrer, or an exception of no cause or right of action, because an allegation as to what is the law of another state is an allegation of fact — not of law — and ■ hence the allegation would have to be assumed to be true, on the trial of a demurrer or an exception of no cause or right of action. It is true that the laws of a state other than that in which they are invoked have to be proved if the allegation concerning them be not demurred to, because the courts take judicial cognizance of the laws only of their own state and of the
 
 United
 
 States. But, when a suit is founded upon an alleged law of another state — other than the state in which the suit is brought — the plaintiff must cite or refer specifically to the law on which the suit is founded; and if a reference to the law x’elied upon shows that there is no cause or right of action, there is no reason why the court should hear {he facts of the case. The suit then is like one founded upon any other written instrument which shows upon its face that there is xxo cause or right of action.
 

 It has been decided, point blank, by the Supreme Court of the United States, that a suit in a state court, fouixded upon an alleged law of another state, is subject to demurrer, or the exception of no cause or right of action. In Finney v. Guy, 189 U. S. 335, 23 S. Ct. 558, 47 L. Ed. 839, in the syllabus of the decision, the doctrine is stated thus:
 

 “A state court is not concluded as to the proper construction of the statutes of another state aixd. the decision of its courts construing them, on the theory that defendant, by demurring to the complaint, which contained an allegation in the form of an averment of fact as to the meaning of such laws and decisions set forth therein, admitted that such was the correct conclusion to be drawn from them.”
 

 It was stated in the text of the opinion (page 343 of 189 U. S., 23 S. Ct. 558, 561, 47 L. Ed. 844), by Mr. Justice Peekham, for the court:
 

 “This right and duty of the courts to themselves construe the statutes and decisions are not altered because the law of the foreign state and the various decisions of its courts
 
 *599
 
 are alleged to be as set forth in a pleading which is demurred to, Instead of being proved, on a trial.
 

 “In this case the statutes, together with references to the decisions of the state courts, are given in the complaint, and the pleader, by making an averment in the form of a fact, assumes to give a meaning to them such as he thinks to be correct; but the duty still remains with the courts to themselves determine from those statutes, and decisions, what is in truth the law of the foreign jurisdiction. The courts are not concluded by an averment of what is the law in a foreign jurisdiction, contained in a pleading which is demurred to, any more than they would be by the testimony of a witness to the same effect upon a trial; certainly not when the statute upon which the ease rests is set forth and the decisions under it are also referred to as evidence of the law. The demurrer does not admit as a fact that the construction (in the form of an averment of fact) which the pleader- may choose to put upon those statutes or decisions is the right conclusion to be drawn from them. Notwithstanding the averments in the complaint, we are brought to an examination of the statutes and decisions referred to, in order to ourselves determine what the law of Minnesota is.”
 

 I concede that we are not controlled by the decisions of the Supreme Court of the United States, except in cases governed by the federal law; but, when a ruling of the Supreme Court of the United States is as sound and logical as the ruling which I have quoted, on a question of law of which that court and this court have concurrent jurisdiction — and particularly on a question which this court has not yet had occasion to decide or consider — the precedent established by the Supreme Court of the United States ought to be followed.
 

 Unless we go contrary to the decision of the Supreme Court of the United States, which I have quoted, the decision about to be rendered in this case, on the exception of no cause or right of action, will be, in effect, that the law of Mississippi, referred to in the plaintiff’s petition and in her brief, did, on the 25th of August, 1900, and during the period when, as the plaintiff alleges, her mother contracted a common-law marriage with Ulisse Marinoni, Jr., sanction common-law marriages.
 

 As a matter of fact (perhaps I should say, as a matter of law), the laws of the state of Mississippi did not sanction or tolerate so-called common-law marriages — marriages “without the benefit of clergy,” so to speak, or the customary ceremonials and rituals— from the date of the adoption of the Mississippi Code of 1892 until the adoption of the Code of 1906. Section 2864 of the Code of 1892, cited in the plaintiff’s petition, declared:
 

 “A marriage shall not be contracted or solemnized unless a license therefor shall first have been duly issued, and such license shall be essential to the validity of a marriage.”
 

 It is admitted, or alleged, in the plaintiff’s petition, that the only amendment that has been made to that section of the Mississippi Code is contained in section 3249 of the Code of 1906, which, after repeating the language of section 2S64 of the Code of 1892, adds this paragraph, viz.:
 

 
 *601
 
 “But no irregularity in the issuance of or omission in the license shall invalidate any marriage, nor shall this section be construed so as to invalidate any marriage that is good at common law.”
 

 In the Constitution of Mississippi, adopted '• in 1869, provision was made, in section 22 of article 12, recognizing and validating so-called common-law marriages, viz.:
 

 “All persons who have not been married, but are now living together, cohabiting as husband and wife, shall be taken and held, for all purposes in law, as married, and their children, whether born before or after the ratification of this constitution, shall be legitimate, and the legislature may, by law, punish adultery and concubinage.”
 

 That provision in the Constitution of 1869 was omitted when Mississippi adopted her Constitution of 1890. The Supreme Court of Mississippi, in Dickerson v. Brown, 49 Miss. 357, in Rundle v. Pegram, 49 Miss. 751, and in Floyd v. Calvert, 53 Miss. 37, held that section 22 of article 12 of the Constitution of 1869 was an adoption of the common law, to the effect that a marriage might be contracted by the mere consent of the parties, followed by their cohabiting as husband and wife.
 

 Consequently, when that provision was omitted from the Constitution of 1890, and no provision whatever was made in that constitution for so-called common-law marriages, there was embodied in the Code of 1892 the provision, being section 2864, prohibiting the contracting or solemnizing of a marriage without a license therefor, and making the license “essential to the validity of a marriage.”
 

 The declaration that a marriage license was “essential to the validity of a marriage” was the same as to say that a marriage not contracted or solemnized under authority of a license procured especially for that' marriage was void. See Meister v. Moore, 96 U. S. 76, 24 L. Ed. 826. And that remained as the law of Mississippi until the adoption of the Code of 1906. It was so declared by the Supreme Court of Mississippi in Blanks v. Southern Railway Company, 82 Miss. 703, 35 So. 570, and in Howard v. Kelly, 111 Miss.
 
 288,
 
 71 So. 391, Ann. Cas. 1918E, 1230, and in Sims v. Sims, 122 Miss. 745, 85 So. 73. And it was virtually so declared by this court, in Grant v. Succession of Grant, 159 La. 535, 105 So. 611, 614, thus:
 

 “It is conceded that common-law marriages are. now, and, with the exception perhaps of the period between the adoption of the Codes of 1892 and 1902 [meaning 1906], have been always, recognized by the law of Mississippi.”
 

 It is alleged in the plaintiff’s petition that Mr. Marinoni obtained a license for the purpose of marrying her mother; but it is admitted that he did not carry out that purpose by having a marriage celebrated or solemnized in any way. As I understand, it is not contended by the plaintiff’s counsel that the marriage license which Mr. Marinoni obtained in Mississippi is what gave validity to the alleged common-law marriage between him and the plaintiff’s mother — consisting merely of the consent of the parties to be married and their cohabiting as husband and wife. My own opinion is that a marriage license, as was required by the Mississippi Code of 1892 for a valid marriage, had'nothing to do with a so-called common-law marriage, but had
 
 *603
 
 reference only to a marriage to be celebrated and solemnized according to tbe forms prescribed by tbe provisions (in sections 2857 to 2865 — being chapter 90) of the same Code.
 

 I concede, of course, that there is room for a difference of opinion as to whether the law of Mississippi sanctioned common-law marriages after the adoption of the Code of 1892 and before the adoption of the Code of 1906; b.ut I do not see why that question may not be decided now, as well as after hearing evidence as to whether the plaintiff’s mother and Mr. Marinoni undertook to contract such a marriage in Mississippi during that period. Why should a court be compelled to hear evidence to prove allegations which, if true, would give the plaintiff no right of action?
 

 The Supreme Court of the United States, in Finney v. Guy, which I have already cited, has pointed the way — the most orderly and expeditious and scientific way — to dispose of a case like this.