Perth Amboy District Court.

CONTINENTAL ADJUSTMENT CORPORATION, PLAINTIFF, v. EDYTHE M. KLAUSE, DEFENDANT.

Decided August 31, 1934.

For the plaintiff, *Sol Kantor.*

For the defendant, *Lewis S. Jacobson.*

Goldberger, J.   The above cause has been submitted to me on an agreed state of facts.   The facts as submitted are substantially as follows:  The defendant, a school teacher of the city of Perth Amboy, made application for a loan of $300 of the National Lenders Corporation, a money lending corporation having its office in the city of South Bend, Indiana, and executed a note as follows:

"May 19th, 1931.

For value received the undersigned promises to pay to the order of National Lenders Corporation, at the office of the payee, the sum of Three Hundred and 00/100 Dollars in installments as follows, to wit: $15.00 together with interest on the principal sum of this note at the rate of $3\frac{1}{2}\%$ per month on the 27th day of June, 1931, and the same sum, together with interest at the same rate on the unpaid balance of said principal sum on the 27th day of each consecutive month thereafter, until the full amount of this note, with

interest at the said rate on all unpaid balances thereof is paid, all without any relief whatever from valuation or appraisement laws.

Failure to pay any installment of principal or interest, when due, shall cause the entire amount to become immediately due and payable at the option of the holder hereof.

The drawers and endorsers severally waive, presentment for payment, notice of protest and notice of non-payment of this note.

The maker may at her option repay all or any part of the unpaid balance or principal and accrued interest on any interest paying date.

EDYTHE M. KLAUSE."

Upon receipt of this promissory note, the loan was granted and the defendant was paid the said sum. Thereafter the defendant defaulted in monthly payments of principal and interest, and in the *interim* the plaintiff acquired the promissory note by assignment or by transfer, and therefore appears as plaintiff in this suit to recover principal and interest due upon said note. Neither the payee nor the plaintiff are licensed to do business in this state, and neither maintain an office or transact any business herein. The defendant at the time of signing of said note was a resident of this state and continued to be such up to the time of the institution of this suit.

It is contended by the defendant that payment of the note cannot be enforced because to do so would be against public policy of this state in view of *Pamph. L.* 1914, *ch.* 49, *p.* 75.

Plaintiff contends that by reason of the note being made payable in South Bend, Indiana, it became a contractual obligation to be governed by the laws of Indiana, notwithstanding the fact that the defendant resides in New Jersey and executed the note in this state.

It is to be noted that the note in question provides for a higher rate of interest than that provided for by the Small Loan act of this state as it existed at the time of the making

thereof; and said note comes within the purview of said act of 1914 as amended, the payee being incorporated, authorized and licensed under the laws of the State of Indiana.

The act in question, *inter alia,* provides that:

"When an application for a loan * * * is made by any person in this state and the moneys advanced * * * or the note purchased by any person without this state, the transaction shall be deemed a loan made *within* this state, and such loan * * * shall be subject to the provisions of *this* act."

Regardless of whether or not the parties agree that the transaction shall be an Indiana contract, the same cannot be enforced within this jurisdiction, when, as in this case, it would be contrary to public policy of this state to permit a foreign corporation to do what domestic corporations are not permitted to do.

A party to an illegal agreement cannot at the time of the execution thereof or thereafter, waive his right to set up a defense of illegality nor is he estopped to set up the claim that the agreement is void as against public policy. 13 *C. J.* 506, §§ 451, 453; 25 *L. R. A.* (*N. S.*) 275, 297, notes.

The rule that a contract valid where made and where it is to be performed is valid elsewhere is subject to exceptions. No state is bound to recognize and enforce a contract which is injurious to its own interest or to the interest of its citizens. This exception results from the consideration that the authority of the acts and contracts done in other states, as well as the laws by which they are regulated, are not, *propio vigore* of any efficacy beyond the territories of that state; whatever effect is attributed to them elsewhere is from comity and not from strict right. And every independent community will and ought to judge for itself how far that comity ought to extend. The reasonable limitation is that it shall not suffer prejudice by its comity.

Contracts therefore which are in invasion of the laws of a state or the rights or duties of its citizens are deemed nullities in every state affected, although they may be valid by the

laws of the place where they are made. *Story Confl. L.* 244; *Varnum* v. *Camp,* 13 *N. J. L.* 326; *Moore* v. *Bonnell,* 31 *N. J. L.* 90; *Greenwood* v. *Curtiss,* 6 *Mass.* 378; *Finney* v. *Guy,* 189 *U. S.* 335; *Broderick* v. *Abrams,* 112 *N. J. L.* 309; 170 *Atl. Rep.* 214.

. It is very evident from the act under consideration that it was the policy of this state at the time of making said note to prevent outside money lending corporations to loan money to its citizens at rates of interest at which its own corporations were forbidden to do.

Judgment will go for the defendant.