TUCKER, Judge.
This suit involves a workmen’s compensation action for total and permanent disability sustained by plaintiff-appellant due to injuries received in an accident on June 29, 1970, on U. S. Highway 61, in Ascension Parish, State of Louisiana, when the truck which plaintiff was driving was struck by an automobile owned by Leslie S. Richard, and driven by his wife Connie C. Richard, said automobile being insured by State Farm Mutual Automobile Insurance Company. Plaintiff’s injuries required him to be hospitalized at the Baton Rouge General Hospital for four and one-half months following the accident, and he has remained in the care of a Baton Rouge orthopedist, Dr. Allen Jackson, ever since the accident.
Plaintiff, a resident of and domiciled in Houston, Texas, was employed as a truck driver in Houston, Texas, by Keller Industries, Inc., a Houston corporation whose president was Marvin Keller, plaintiff’s stepson. Keller Industries, Inc. as a member of Motor Truck Owners Conference, Inc., of Kansas City, Missouri, was covered by a workmen’s compensation policy issued by Universal Underwriters Insurance Company, also of Kansas City, Missouri, which, according to the “Certificate of Insurance” issued by Universal Underwriters to Keller Industries, Inc., protects all of its members and employees in accordance with the “Workmen’s Compensation Benefits applicable in each state.”
The accident in which plaintiff was injured was routinely reported by Motor Truck Owners Conference, Inc., to Universal Underwriters which, under date of July 21, 1970, made a “Report of Initial Payment of Compensation” to the Industrial Accident Board of the State of Texas. On July 31, 1970, the Texas Industrial Accident Board established a file on plaintiff’s claim and sent Universal Underwriters a letter so stating. The Industrial Accident Board directed correspondence to the plaintiff requesting him to direct all future correspondence regarding this claim to the Industrial Accident Board. There is no proof, however, that the plaintiff actually received this notice, nor that he ever directed any claim for compensation or other similar form to the Industrial Board, or signed any such form used by the Board. Universal Underwriters began to pay plaintiff at the rate of Forty-nine and no/100 ($49.00) Dollars per week, on June 29, 1970, and continued to make payments to plaintiff for fifty-one (51) weeks, and all of these payments were accepted by plaintiff, plus a payment of Eighteen Thousand Six Hundred Eighty-one and 62/100 ($18,681.62) Dollars for medical expenses.
On April 22, 1971, while still receiving compensation payments from Universal Underwriters, and without any notification *704 to Universal, the plaintiff and his attorney executed at Houston, Texas, an instrument entitled, “Release, Indemnity, and Warranty Agreement”, which provided in part as follows:
“Received of Connie C. Richard, Leslie S. Richard, and State Farm Mutual Automobile Insurance Company the sum of Ten Thousand no/100 ($10,000.00) Dollars, in consideration of which the undersigned Newell W. Griffin releases and discharges the said parties from any and all claims resulting from the automobile accident of 29 June 1970.
* $ * * * *
“As an inducement for State Farm Mutual Automobile Insurance Company to pay him its policy limit of Ten Thousand and no/100 ($10,000.00) Dollars, for bodily injury to one person under the terms of its automobile liability policy issued to Leslie S. Richard, and as a further consideration for such payment, Newell W. Griffin hereby agrees to indemnify and protect State Farm Mutual Automobile Insurance Company and hold it harmless, against any workers’ compensation subrogation claim, or claim for damages, or other claims, that may be asserted against State Farm Mutual Automobile Insurance Company by New-ell W. Griffin’s employer and/or the workmens compensation insurer of said employer * * * ”
Universal Underwriters did not learn of the execution of tliis- instrument until sometime in June 1971. Thereafter, on June 29, 1971, it notified plaintiff of its intention to suspend compensation benefits, and on July 14, 1971, it requested the Industrial Accident Board to grant a suspension of compensation benefits on the basis of Vernon’s Ann.Texas Revised Civil Statutes Art. 8307, sec. 6a, which provides in part as follows:
“Sec. 6a. Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the insured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé * * * ”
Plaintiff made demand upon Universal Underwriters for resumption of compensation benefits, which was denied, and on July 27, 1971, plaintiff filed the instant suit against Universal for workmen’s compensation benefits under the Louisiana statute, which provides compensation for total and permanent disability for 500 weeks instead of 400 weeks as provided in Texas, and which also permits the injured employee to proceed against both the third party who caused the injury, as well as against the employer’s insurer for workmen’s compensation benefits. In his suit plaintiff asked that credit be given for workmen’s compensation and medical payments already made, and that he be awarded statutory penalties on all sums owing, due to defendant’s arbitrary refusal to make further payment after June 29, 1971, and for attorney fees and interest as provided by law from the date of judicial demand, plus all costs.
On August 18, 1971, the Texas Industrial Accident Board rendered a final award stating:
“The Board finds that by reason of said Release, Indemnity and Guaranty Agreement with the Third Party, said employee has made a final election, and all additional claims for benefits under the Texas Workmen’s Compensation Act are denied.”
The plaintiff and his attorney were both individually furnished with a copy of this *705 final award and notified of the right to “appeal therefrom within 20 days from the date of this final award.” No appeal was taken within the' stipulated time, and the award became final.
Meanwhile plaintiff, on August 6, 1971, had set a pre-trial conference on the Louisiana suit for August 27, 1971. On August 18, 1971, defendant filed a peremptory exception of no right or cause of action based on the payments being made to plaintiff under Texas contract, according to Texas Industrial Board Claim, File No. X63541-H; and also a dilatory exception of prematurity based on the action pending in Texas in regard to the compromise settlement and release of liability plaintiff had effected with some one other than the subscriber and his insurer, which allegedly impaired defendant’s right of recovery against the tortfeasor herein. The pretrial conference date was later moved to September 22, 1971, to give time for an appeal from the final determination of the Texas Industrial Accident Board. When none was made within 20 days of the final award, defendant, on September 15, 1971, filed a peremptory exception of res judica-ta citing the final award of plaintiff’s claim by the Texas Industrial Accident Board.
On December 9, 1971, the trial judge pretermitted argument on defendant’s other exceptions and restricted argument to his exception of res judicata, giving defendant judgment on this peremptory exception and dismissing plaintiff’s suit at his cost. Plaintiff’s motion for a new trial was denied subsequently and plaintiff has appealed, alleging error by the trial court in dismissing his suit and upholding defendant’s peremptory exception of res judicata, when he allegedly never filed a claim for workmen’s compensation in Texas and allegedly knew nothing of the file in his name held by the Texas Industrial Accident Board until he effected the compromise settlement with the third party tortfeasor. Plaintiff alleges error by the trial judge, also, in concluding that defendant had the right to treat plaintiff’s workmen’s compensation payments as being made pursuant to the law of Texas, when the contract documents binding defendant obligate it to make workmen’s compensation payments in accordance with the law of the state in which the van line was domiciled, which is the State of Georgia in this case, inasmuch as the truck being operated by plaintiff at the time of the accident was under lease to U. S. Van Lines, Inc., of Atlanta, Georgia.
In his well-written reasons for judgment the trial judge based his decision primarily upon the analogous case of Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943). In that case a Louisiana resident was employed in Louisiana, but was sent to work in Texas where he was injured. He made claim for workmen’s compensation under the Texas statute while in the hospital there. Payment was begun. When he returned home to Louisiana, he apparently discovered that his benefits would be greater in Louisiana, and notified the insurer of his intention to claim payment under Louisiana law. The insurer notified the Texas Industrial Accident Board and immediately stopped payment to plaintiff. Four days later the Texas Industrial Board notified plaintiff at his Louisiana home that a hearing would (be held in Texas within two and a half weeks to determine the liability under Texas law. Plaintiff Hunt did not participate in these proceedings. Before the judgment denying him further payment became final, he filed suit against his employer in Louisiana under the Louisiana Workmen’s Compensation law. He recovered a substantially larger sum than had been awarded him in Texas, subject to the deduction of the Texas payments. In the course of appealing this judgment, however, Magnolia Petroleum Company’s plea of res judicata was upheld, and Louisiana was ordered to give full faith and credit to the final award of the Texas Industrial Accident Board.
There can be no doubt that Texas had jurisdiction to adjudicate the subject plain *706 tiff’s workmen's compensation claim under Tex.Rev.Civ.Stat, Art. 8306, Sec. 19. Moreover, plaintiff is a Texas domiciliary, employed in Texas by a Texas company. The only point of contact with Louisiana in the present case is the mere fact that the accident happened on a Louisiana highway. Although this fact is sufficient to give Louisiana jurisdiction under the Louisiana Workmen’s Compensation Act (R.S. 23:1313), Texas has far more reason to protect the interests of the plaintiff than Louisiana, and far more reason to protect the plaintiff’s interests in this case than was the situation in the Magnolia Petroleum Co. case. This is not the issue in this case however. As so cogently observed in part by Chief Justice Stone in the Magnolia Petroleum Co. case:
(( # :jc
Here both Texas and Louisiana have undertaken to adjudicate the rights of the same parties arising from a single injury sustained in the course of employment under the same contract. Each state has awarded to respondent compensation for that injury. But whether the Texas award purported also to adjudicate the rights and duties of the parties under the Louisiana law or to control persons and courts in Louisiana is irrelevant to our present inquiry. For Texas is without power to give extraterritorial effect to its laws. See New York Life Ins. Co. v. Head, 234 U.S. 149, 34 S.Ct. 879, 58 L.Ed. 1259; Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701. The significant question in this case is whether the full faith and credit clause has deprived Louisiana of the power to deny that the Texas award has the same binding effect on the parties in Louisiana as it has in Texas. (Emphasis added.)
It is not, as the state court thought, a sufficient answer to the bar of the Texas award to assert that Louisiana has a recognized interest in awarding compensation to Louisiana employees who are injured out of the state, see Alaska Packers Ass’n v. Industrial Accident Commission, supra, [294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044] for Texas, the state in which the injury occurred, has a like interest in making an award, see Pacific Employers Insurance Co. v. Industrial Accident Commission, [306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940] supra. And in each of the cases we have cited, the state to which the judgment was brought had an interest in the subject matter of the suit and a public policy contrary to that of the state in which the judgment was obtained. * * *
In each of these cases the words and purpose of the full faith and ' credit clause were thought to demand that the interest of the state in which the judgment was obtained and was res judicata, should override the laws and policy of the forum to which the judgment was taken. And we can perceive no tenable ground for saying that a compensation award need not be given the same effect as res judicata in another state as it has in the state where rendered.
Such was the decision of this Court in Chicago, R. I. & P. R. Co. v. Schendel, [270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757] supra, in which recovery of an award of compensation under the Iowa Workmen’s Compensation Act was held to bar recovery in a suit against the employer in Minnesota to recover for the same injury under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq. Both sides (sic) had, as in this case, allowed recovery, as they were free to do but for the full faith and credit clause. This Court held that the employee, having had his remedy by the judgment in Iowa, was precluded by the full faith and credit clause from pursuing a remedy for his injury in another state. The remedies afforded to respondent by the Texas and Louisiana Workmen’s Compensation Laws are likewise rendered mutually exclusive by the Texas judgment and the full faith and credit clause. The Texas award, being a bar to any further recovery of compensation for *707 respondent’s injury, is, by virtue of the full faith and credit clause, exclusive of his remedy under the Louisiana Act.
It lends no support to the decision of the Louisiana court in this case to say that Louisiana has chosen to be more generous with an employee than Texas has. Indeed no constitutional question would be presented if Louisiana chose to be generous to the employee out of the general funds in its Treasury. But here it is petitioner who is required to provide further payments to respondent, contrary to the terms of the Texas award, which, if the full faith and credit clause is to be given any effect, was a conclusive determination between the parties that petitioner should be liable for no more than the amount of the Texas award. For this reason it is not enough to say that a practical reconciliation of the interests of Texas and Louisiana has been effected by the Louisiana court. There has been no reconciliation of the liability established by the Louisiana judgment with the rights conferred on petitioner by the Texas award and the full faith and credit clause.
iK ^ ^
Whether the proceeding before the State Industrial Accident Board in Texas be regarded as a ‘judicial proceeding’, or its award is a ‘record’ within the meaning of the full faith and credit clause and the Act of Congress, the result is the same. For judicial proceedings and records of the state are both required to have ‘such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken’.
5|c jfc
Respondent’s injury in Texas did not give rise to two causes of action merely because recovery in each state is under a different statute, or because each affords a different measure of recovery.[6] Chicago, R. I. & P. R. Co. v. Schendel, supra; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; see Wabash R. Co. v. Hayes, 234 U.S. 86, 90, 34 S.Ct. 729, 730, 58 L.Ed. 1226. The grounds of recovery are the same in one state as in the other — the injury to the employee in the course of his employment. The whole tendency of our decisions under the full faith and credit clause is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot split up his claim and ‘a fortiori, he cannot divide the grounds of recovery.’ United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 267, 48 L.Ed. 476. Respondent was free to pursue his remedy in either state but, having chosen to seek it in Texas, where the award was res judicata, the full faith and credit clause precludes him from again seeking a remedy in Louisiana upon the same grounds. The fact that a suitor has been denied a remedy by one state because it does not afford a remedy for the particular wrong alleged, may not bar recovery in another state which does provide a remedy. See Troxell v. Delaware, L. & W. R. Co., 227 U.S. 434, 33 S. Ct. 274, 57 L.Ed. 586; cf. Ash Sheep Co. v. United States, 252 U.S. 159, 170, 40 S.Ct. 241, 244, 64 L.Ed. 507. But as we decided in the Schendel case it is a very different matter to say that recovery can be had in every state which affords a remedy.
The suggestion that there is a second and different cause of action in Louisiana, merely because Louisiana law authorizes compensation, and in a different measure than does Texas, or because the jurisdiction of the court of one state depends on the place of the injury and that of the other on the place of the employment contract, would if accepted prove *708 too much. Apart from the demands of full faith and credit, recovery in a transitory action for injury to person or property, whether in tort or for compensation, can of course only be had in conformity to the law of the state where the action is maintained. Even where the state of the forum adopts and applies as its own the law of the state where the injury was inflicted, the extent to which it shall apply in its own courts a rule of law of another state is itself a question of local law of the forum. Finney v. Guy, 189 U.S. 335, 23 S.Ct. 558, 47 L.Ed. 839; Klaxon Co. v. Stentor Electric Co., supra, 313 U.S. 487, at pages 496, 497, 61 S.Ct. 1020 at pages 1021, 1022, 85 L.Ed. 1477; cf. Worcester County Trust Co. v. Riley, 302 U.S. 292, 299, 58 S.Ct. 185, 188, 82 L.Ed. 268. * * *
If an employee employed in one state but injured in another has a different cause of action for compensation in each state because each has its own compensation statute, it could as well be argued in any case where plaintiff has recovered a judgment in one state, and seeks a second recovery in a second state for the same injury, that he is suing upon a second and different cause of action. But it has never been thought that an actionable personal injury gives rise to as many causes of action as there are states whose laws will permit a suit to recover for the injury or that despite the full faith and credit clause the injured person, more than one entitled to recover for breach of contract, could go from state to state to recover in each damages or compensation for his injury. A judgment in tort or in contract is not immune from the requirement of full faith and credit because the successful plaintiff could have maintained his suit under the law of other states and have secured a larger recovery in some, or because the jurisdiction of the court in one state to hear the cause may depend upon some facts different from the facts necessary to sustain the jurisdiction in another. Cf. Baltimore S. S. Co. Phillips, supra; Eldred v. Michigan Ins. Bank, 17 Wall. 545, 21 L.Ed. 685; Wabash R. Co. v. Hayes, supra; Kenney v. Supreme Lodge, [252 U.S. 411, 40 S.Ct. 371, 64 L.Ed. 638] supra. And we cannot say that a workmen’s compensation award for injury stands on any different footing. In fact Chicago, R. I. & P. R. Co. v. Schendel, supra, held that it did not and we see no reason to depart from its ruling.
Reversed.”
BUT says plaintiff’s counsel, the Magnolia Petroleum Co. decision was predicated upon the plaintiff’s having exercised a choice in the selection of his jurisdiction for suit or claim, and in the instant case the plaintiff had no choice and never made a selection until he filed this suit in Louisiana on July 27, 1971. Plaintiff seeks to reinforce his claim by quoting the following Texas statute which he argues reveals the intention of the Texas legislature to give the employee a choice as to where to pursue his remedy:
“Sec. 19. If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State

j}c j|c :ji
Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred.” (Tex. Rev.Civ.Stat. Art. 8306.)
As pointed out by the trial judge in his reasons for judgment, this Texas statute was not intended to give the employee an exclusive right to elect the forum, but to *709 prevent double recovery, quoting from a history of the statute given in the Magnolia Petroleum Co. case at 320 U.S. 435, 64 S.Ct. 212, 88 L.Ed. 153.
In defense on the point of choice defendant alleges that plaintiff was notified that a file had been opened with the Texas Industrial Accident Board in regard to the accident and injuries herein involved and with respect to the state’s compensation system under which he was being paid. Plaintiff denies ever having received any notice, and there is no evidence in the record to substantiate defendant’s contention on this score. Nonetheless, we find it most difficult to believe that plaintiff, a Texas domiciliary who had contracted in Texas with a Texas company, could have accepted 51 weekly workmen’s compensation payments, plus $18,681.62 medical payments, without his or his attorney’s knowledge that they were being paid in accordance with Texas terms and schedules. We consider his acceptance of all these payments as tantamount to a choice or selection of the state in which he wished to recover and receive payments on his claim.
Regardless of the conclusions of this court as to plaintiff’s choice or lack of choice of forums, this conclusion is irrelevant to a holding of res judicata herein. Plaintiff urges strenuously that the Magnolia Petroleum Co. decision of res judica-ta was based upon the element of the employee having had a choice of forums, whereas the plaintiff herein allegedly did not. We opine, however, that the decision of the Texas Industrial Accident Board in Magnolia Petroleum Co. became res judi-cata, not because plaintiff employee had a choice of forums, but because he had failed to appear at a hearing on the Board’s final award, when duly notified of it. He was deemed to have acquiesced in the propriety of this decision, and it became final by his failure to appear. As a final judgment, it could be used to oppose future judgments on the same subject, between the same parties under the doctrine of res judicata. .
In Louisiana the doctrine of res judicata is set forth in Civil Code article 2286 as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
As is apparent from the above-quoted article, the use of the doctrine of res judicata begins with a “judgment,” which is universally understood to be a final judgment. When plaintiff Newal Griffin, after due notification, failed to appear in Texas to protest the action of the Board in discontinuing his payments under Tex.Rev.Civ. Stat., Art. 8307 (6a), at which time he could have set forth his arguments concerning his choice of forums, the Board’s decision to discontinue payments became final. As a final judgment, it could be interjected in opposition to any other judgments concerning (1) the same demand (2) deriving from the same cause of action, (3) between the same parties, and (4) formed by them against each other in the same quality. Nowhere is it stated that, for the doctrine of res judicata to apply, plaintiff must have had a free choice of forums.
Once the matter of the workmen’s compensation payment is adjudged res ju-dicata, under the authority of the Magnolia Petroleum Co. case quoted extensively above, it must be accorded “full faith and credit” under the U. S. Constitution Art. IV, sec. 1.
We consider that the decision of the Texas Industrial Accident Board became *710 final in regard to plaintiff Newal Griffin’s claim when he received notice of his right to appeal within twenty days from the date of the Board’s decision to discontinue his payments on August 18, 1971, and did not do so regardless of the issue of this choice • of forums. The instant suit brought in Louisiana contains all the elements for the application of the doctrine of res judicata as set forth above. The same parties are involved; the claim for compensation is the same, arising out of the same accident on June 29, 1970, which occurred in Louisiana, and the “quality” of the parties is the same. Griffin’s final adjudication on this same workmen’s compensation claim in Texas which properly took jurisdiction of the claim must be accorded full faith and credit by the sister state of Louisiana, in reliance upon the holdings of Magnolia Petroleum Co. v. Hunt, cited supra. The ruling of the trial judge upholding defendant’s exception of res judicata and dismissing plaintiff’s suit at his costs is correct.
Plaintiff-appellant’s second allegation of error; i. e., that the contract documents bind the insurer to make payment according to the law of the state in which the van line is domiciled, and that the van plaintiff was driving at the time of the accident was actually domiciled in Georgia, can be answered very simply by quoting from the Certificate of Insurance issued by Universal Underwriters which states that all of its members and employees are protected in. accordance with the workmen’s compensation benefits “applicable in each state.” This latter quoted segment does not imply any exclusivity of jurisdiction for any state, be it that of the domicile of the van lines, the employer, the employee, or anyone else.
For the reasons set forth above the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.

. Any implication to the contrary in Troxell v. Delaware, L. & W. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586, must be considered as overruled by Wabash R. Co. v. Hayes, 234 U.S. 86, 90, 34 S.Ct. 729, 730, 58 L.Ed. 1226; cf. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 323, 47 S.Ct. 600, 603, 71 L.Ed. 1069.