283 So.2d 748 (1973)
Newal W. GRIFFIN
v.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY.
No. 53038.
Supreme Court of Louisiana.
September 24, 1973.
Rehearing Denied October 26, 1973.
*749 Paul H. Due, Mellon, Cavanaugh & Due, Denham Spring, for plaintiff-applicant.
Kenneth E. Barnette, Seale, Smith & Phelps, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
From a judgment of the First Circuit Court of Appeal,[1] affirming the judgment of the trial court upholding a peremptory exception of res judicata and dismissing plaintiff's suit based on a claim for compensation under the Louisiana Workmen's Compensation Act, the plaintiff applied to this Court, and we granted a writ of review.[2]
The record discloses that plaintiff, Newal W. Griffin, a resident of Houston, Texas, was hired in that city as a truck driver by Keller Industries, Inc. (hereinafter referred to as "Keller"), a corporation organized and domiciled in the State of Texas. Keller, as a member of the Motor Truck Owners Conference, Inc., was covered by a workmen's compensation policy issued by Universal Underwriters Insurance Company (hereinafter sometimes referred to as "Universal"), defendant herein.
Plaintiff was assigned to drive one of the trucks leased by his employer to U. S. Van Lines, Inc. (hereinafter referred to as "Van Lines") of Atlanta, Georgia. On June 29, 1970, while so employed, he sustained serious personal injuries resulting from a motor vehicle accident which occurred in Ascension Parish, Louisiana, and was hospitalized in the Baton Rouge General Hospital. Plaintiff notified his employer of the accident who immediately informed the Safety Director of Van Lines who, in turn informed the defendant. On July 21, 1970, defendant filed a report of the accident and injury with the Texas Industrial Accident Board (hereinafter sometimes referred to as the "Texas Board"). The Texas Board established a file on plaintiff's claim and directed correspondence to him requesting that all future correspondence regarding his claim be made to the Texas Board. There is no proof that plaintiff actually received this notice or that he ever directed any claim for compensation to the Texas Board.
Defendant began to pay plaintiff workmen's compensation at the rate of $49.00 per week, the maximum allowable for permanent disability under both the Texas and Louisiana Workmen's Compensation laws. Checks covering these payments were mailed to plaintiff by defendant through its agent's local office in Baton Rouge (Crawford & Company). In addition, $18,681.62 in medical expenses were paid by the defendant.
On April 22, 1971, while still receiving compensation payments from defendant, plaintiff settled his tort claim with the third party tortfeasor in the amount of $10,000.00. The settlement was executed at his domicile in Houston, Texas.
Upon learning of this settlement, Universal immediately notified plaintiff of its intention to cease compensation payments and requested the Texas Board to suspend compensation benefits since his election to recover damages against the third party tortfeasor precluded his right to recover compensation under the Texas Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8307, § 6a).
Plaintiff made demand upon defendant for resumption of workmen's compensation benefits which demand was denied, and on July 27, 1971, plaintiff filed the present *750 suit against Universal for workmen's compensation benefits under the Louisiana statute. On August 18, 1971, the Texas Board rendered a final judgment stating:
"The Board finds that by reason of the said Release, Indemnity and Guaranty Agreement with the Third Party, said employee has made a final election, and all additional claims for benefits under the Texas Workmen's Compensation Act are denied."
Both plaintiff and his attorney were furnished a copy of this final award and notified of the right to "appeal therefrom within 20 days from the date of this final award." No appeal was taken within the stipulated time, and the award became final. Defendant filed a peremptory exception of res judicata on the ground that plaintiff could not recover in Louisiana on a workmen's compensation claim since Louisiana was required to give full faith and credit to the final award of the Texas Board. The trial court sustained the exception and dismissed plaintiff's suit. The Court of Appeal, in affirming the trial court, concluded that, since the decree of the Texas Board was final, it must be accorded full faith and credit under Article IV, Sec. 1 of the Constitution of the United States, citing Magnolia Petroleum Company v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943) as authority.
The sole issue presented for our consideration is what effect did the final award of the Texas Board have on plaintiff's right to claim workmen's compensation benefits under the Louisiana Workmen's Compensation Act.
It is not disputed that both Texas and Louisiana have jurisdiction in regard to the workmen's compensation claim and that the Texas award became final prior to any final award being rendered in Louisiana. Therefore, we would ordinarily be required to give full faith and credit to the Texas award since it was based upon the same demand (workmen's compensation) arising out of the same cause of action (industrial accident on June 29, 1970) between the same parties and formed by them against each other in the same quality (Art. 2286 of the Civil Code). Furthermore, we would also be compelled to agree with the Court of Appeal that the Magnolia decision would be controlling in the instant case, and plaintiff's action would be barred except for the subsequent ruling by the United States Supreme Court in the matter of Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140 (1947), which decision, together with the Magnolia decision, we will hereinafter discuss.
According to the facts in the Magnolia case, Magnolia Petroleum Company employed Hunt as a laborer in connection with the drilling of oil wells. In the course of his employment, Hunt, a Louisiana resident, who had been employed in Louisiana, was sent to Texas where he was injured. While in the hospital there, he made claim for workmen's compensation under the Texas statute, and payment of benefits was commenced. In connection with his claim for compensation in Texas, he completed and signed certain claim forms issued by the Texas Industrial Accident Board, which were returned to the Board by him. Upon returning to Louisiana, Hunt decided to claim benefits under the more generous provisions of the Louisiana Workmen's Compensation Act, but, prior to a final decree in Louisiana, the Texas Board rendered a final award. Subsequently, the Louisiana court rendered a judgment in Hunt's favor under the Louisiana Workmen's Compensation Act, subject to a credit for the Texas award. Upon review, the United States Supreme Court held that Hunt was free to pursue his remedy in either State, but having chosen to seek it in Texas where the award was res judicata, the full faith and credit clause precluded him from seeking a remedy for the same cause of action in Louisiana. Accordingly, Magnolia's plea of res judicata was upheld, and Louisiana was ordered to give full faith and credit to *751 the final award of the Texas Industrial Accident Board.
Plaintiff argues that the decision in Magnolia does not apply in the present case since plaintiff did not consciously elect to pursue his remedy under the Texas Workmen's Compensation Act. However, as we read the Magnolia case, the fact that plaintiff did or did not elect to pursue his remedy under the Texas Workmen's Compensation Act is of no significance. Rather, the holding of the Supreme Court in Magnolia is predicated on the circumstances where, as here, there is a single cause of action between the same parties brought in two states, both of which had jurisdiction. Therefore, where an award rendered by one state (Texas) has been adjudicated res judicata, the full faith and credit clause deprives the other state (Louisiana) of the power to deny that the Texas award has the same binding effect on the parties in Louisiana as it does in Texas.
Therefore, we find no merit to plaintiff's contention that Magnolia would not be controlling since he did not select the forum. Rather, it is the prior final Texas award on the same cause of action between the same parties that would bar plaintiff's present suit.
However, some four years subsequent to the Magnolia decision, the United States Supreme Court rendered the decision in Industrial Commission of Wisconsin v. McCartin, supra, which decision was apparently not considered by the Court of Appeal.
The McCartin decision concerns an Illinois employer and employee. The employee drove back and forth between his home in Illinois and his assigned work in Wisconsin. While working in Wisconsin within the course and scope of his employment, the employee suffered an injury. Since the employee was entitled to proceed under the Illinois Workmen's Compensation Act and thereafter claim compensation under the Wisconsin Workmen's Compensation Act, with credit to be given for the amount paid pursuant to the Illinois Act, he elected to proceed initially in Illinois. The employee had included in the settlement agreement a stipulation that the Illinois award would not affect any of his rights under the Wisconsin Workmen's Compensation Act. The stipulation was approved by the Illinois Commissioner and made part of the lump sum settlement award. The Illinois award became final. Subsequently, when the employee applied for workmen's compensation in Wisconsin, both his employer and the insurance carrier resisted the claim contending that, under the full faith and credit clause, the Wisconsin proceedings were barred by the Illinois award; reliance was placed on the Magnolia case which had been just recently decided. On the basis of this decision, the Supreme Court of Wisconsin denied recovery to the plaintiff. On review by the United States Supreme Court, the judgment was reversed. The issue there again was whether the compensation paid under the Illinois statute raised a full faith and credit bar to a subsequent award in Wisconsin for an additional amount.
The Supreme Court did not find the Magnolia case controlling since the Illinois award was different in its nature and effect from the Texas award in the Magnolia case. The Court first quotes the Illinois exclusive coverage clause and shows that it means in Illinois, as it does in practically every other state, that no other common law or statutory remedy under local law can be sought.
The Court went on to say:
"But there is nothing in the statute or in the decisions thereunder to indicate that it is completely exclusive, that it is designed to preclude any recovery by proceedings brought in another state for injuries received there in the course of an Illinois employment. [Citing cases] And in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for *752 which they were enacted, [citing cases], we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction. Especially is this true where the rights affected are those arising under legislation of another state and where the full faith and credit provision of the United States Constitution is brought into play. [Citing cases]
"We need not rest our decision, however, solely upon the absence of any provision or construction of the Illinois Workmen's Compensation Act forbidding an employee from seeking alternative or additional relief under the laws of another state. * * *"
At this point, the Court proceeded to refer to the settlement agreement between the parties which contained the stipulation previously referred to and which had also been approved by the Illinois Industrial Accident Commission. However, the Court went on to say:
"* * * the reservation spells out what we believe to be implicit in that Act namely, that an Illinois workmen's compensation award of the type here involved does not foreclose an additional award under the laws of another state. And in the setting of this case, that fact is of decisive significance.
"Since this Illinois award is final and conclusive only as to rights arising in Illinois, Wisconsin is free under the full faith and credit clause to grant an award of compensation in accord with its own laws. Magnolia Petroleum Co. v. Hunt [320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413, 15 N.C.C.A.N.S. 529], supra, thus does not control this case."
Thus, the Court concludes that the reservation clause was not necessary to its decision in that it only sets forth that which is implicit in the Illinois statute; that is, there is nothing in this statute to indicate it is designed to preclude any recovery for compensation brought in another state for injury received in the course of Illinois employment.
In the instant case, we must determine whether the Texas Act contains any "unmistakable language" which would foreclose an additional award under the laws of Louisiana. In the first place, the Texas exclusive coverage clause (Vernon's Ann.Civ.St. art. 8306, § 3) does not have this effect. As a matter of fact, we do not find it significantly different from that of the Illinois statute. Texas does have an express statutory provision which precludes recovery in Texas when recovery has been first obtained in another state for an out-of-state injury:
"* * * no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."
(Vernon's Ann.Civ.St. art. 8306 § 19) However, we find nothing in this statute or in any other provision of the Texas Workmen's Compensation law that says that, if the employee first obtains a Texas award for compensation, he shall thereafter be precluded from seeking a successive award in another state, nor have any cases been called to our attention which have so held. Therefore, in accordance with Industrial Commission of Wisconsin v. McCartin, we conclude that the Texas award is final and conclusive only to the rights arising in Texas, and Louisiana is free under the full faith and credit clause to grant an award of compensation in accordance with its own laws, after giving credit for the sums paid under the Texas Act.
For the foregoing reasons, judgment of the Court of Appeal sustaining the exception of res judicata is reversed, and the case is remanded to the trial court with instructions to proceed with this matter consistent with the views set forth herein.
NOTES
[1] Griffin v. Universal Underwriters Insurance Co., 268 So.2d 702 (La.App.1972).
[2] 271 So.2d 258 (La.1973).