STOULIG, Judge.
Plaintiff, James Jenkins, has appealed a judgment dismissing his personal injury suit against defendants, Archer-Daniels-Midland Co., Calvin Watson, Richard Burke and Carroll Owens, on exceptions of no right and/or no cause of action. Although St. Charles Grain Elevator was not cited as a defendant, it joined with Archer-Daniels-Midland Co. in pleading the exceptions.
The uncontroverted evidence establishes both corporations occupied an employer status at the time plaintiff was injured and that plaintiff at the time of this hearing was voluntarily being paid workmen’s compensation. Under these circumstances, plaintiff has no right of action against his employers because the workmen’s compensation claim is an exclusive remedy. (R.S. 23:1032.)
As to the suit against the individual defendants, who it has been stipulated are fellow employees of plaintiff, the exception of no right of action cannot be maintained. Workmen’s compensation coverage does not preclude a third party action by the injured workman against a negligent fellow servant. Pflieger v. Haws, 180 So.2d 892 (La. App. 1st Cir. 1965).
Appellees concede the recent Supreme Court decision in Poche v. Avondale *315 Shipyards, Inc., 339 So.2d 1212 (La.1976), nullifies their position on the exclusiveness-of-remedy argument. Briefly, appellees had urged the expanded federal compensation coverage under recent amendments to the Longshoremen’s and Harbor Workers’ Compensation Act (33 U.S.C. § 901 et seq.) had, in effect, prohibited co-employee tort suits by workmen brought within the coverage. In Poche the Supreme Court held this limitation would apply only if, and after, the workmen had elected the federal benefits. Therefore, we conclude the exception of no right of action should have been overruled as to the individual defendants.
In its present form, the petition fails to state a cause of action. However, under C.C.P. art. 934 we remand this matter to afford plaintiff the opportunity to amend his pleadings to cure this deficiency within 30 days from the date this judgment becomes final.
For the reasons assigned, the judgment appealed from is reversed insofar as it maintains exceptions of no right of action against Calvin Watson, Richard Burke and Carroll Owens; is amended insofar as it dismisses plaintiff’s suit on an exception of no cause of action against the individual defendants; and is remanded to permit plaintiff to amend his pleadings to state factually a cause of action within 30 days from the date this judgment becomes final. In all other respects the judgment appealed from is affirmed. The assessment of costs shall await the final adjudication of this case.

REVERSED IN PART; AFFIRMED IN PART; AMENDED IN PART AND REMANDED.