BOUTALL, Judge.
Plaintiff, Eldon A. Palmer, appeals a summary judgment dismissing his tort suit against officers of his employer for personal injuries which occurred in the course and scope of his employment.
The injury occurred on March 1, 1973 while plaintiff was working for Equitable Equipment Company, Inc., where construction of new ships, Lash barges, took place. As a result he came within the coverage of the benefits provided in the United States Longshoremen’s and Harbor Workers’ Compensation Act, as amended by the 1972 amendment, 33 U.S.C.A. Sections 901, et seq., 902, 903(a), and the benefits provided in the Louisiana Workmen’s Compensation Act, LSA-R.S. 23:1101, prior to its 1976 amendment. This issue as well as several other issues raised have been settled by the case of Poche v. Avondale Shipyards, consolidated with Adams v. Hartzman, 339 So.2d 1212 (La.1976), appeal dismissed, Territo v. Poche, 434 U.S. 803, 98 S.Ct. 31, 54 L.Ed.2d 60, which is controlling of all of the issues herein. That case held that the federal and state compensation statutes can operate concurrently and that the injured employee has the right to elect under which system he will pursue his remedies. Our case is a tort proceeding under the state system for damages against certain officials, a plant manager, superintendent and maintenance foreman of the employer. The issue is whether plaintiff has made an election of the federal benefits, and is thus precluded from proceeding in tort under the state system.
The Supreme Court in the Poche-Adams case, supra, in per curiam on rehearing stated (339 So.2d 1225):
“Applicant Adams properly points out in his application on rehearing that there is no evidence in the record establishing that he made an election, or a choice of L.H.C.A. remedies, but only evidence that he has accepted benefits under the L.H. C.A. Act.
“In light of the following cases: Calbeck v. Travelers Insurance Company, 370 U.S. 114, 116, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962); Holland v. Harrison Bros. C. Dry Dock and Repair Yard, Inc., 306 F.2d 369 (5th Cir. 1962); Griffin v. Universal Underwriters Insurance Company, 283 So.2d 748 (La.1973), and Ryder v. Insurance Company of North America, 282 So.2d 771 (La.App. 3d Cir. 1973), we deem it advisable to vacate our original judgment as to plaintiff Adams and to remand the case to the district court for the purpose of trying the issue of whether Adams elected federal benefits.”
Accordingly, we consider those cited cases to embody the principles and standards we should use in determining if the employee has made an election.
There .is no dispute in our case as to material facts, although there is a dispute as to the conclusion to be drawn from those facts. To some degree this involves a consideration of the intention of plaintiff, not generally a subject for summary judgment, but we believe the uncontested facts to be decisive herein.
After plaintiff’s injury, his attorney timely filed a claim for compensation under the federal Longshoremen’s and Harbor Worker’s Act with the Deputy Commissioner’s office and also filed in the Civil District Court for the Parish of Orleans a suit for Louisiana workman’s compensation benefits and this suit, a tort suit for recovery of his injuries against executives and employees. We do not consider the filing of those suits to constitute an election, but simply to be the action of a cautious practitioner aware of the confused status of the law at that time. Initially, he was sent benefits under the state compensation law and refused federal benefits by the insurer. After some proceedings taking place in the federal Deputy Commissioner’s proceeding, the insurer changed its position and then he was sent benefits under the federal LHWCA. At first Palmer refused to accept these benefits and returned them, and attempted to withdraw his federal claim. The insurer resisted the withdrawal of Palmer’s claim, *1342 and the Deputy Commissioner, after consideration, refused to permit withdrawal from the federal system.
The issue was then appealed by Palmer to the Benefits’ Review Board and was remanded to the Deputy Commissioner to determine whether he had in fact denied claimant’s request to permit the withdrawal of this claim. The matter came before an administrative law judge for this purpose, and he concluded that the Deputy Commissioner did not act arbitrarily and did not abuse his discretion in denying the claimant’s request for withdrawal. It was noted that the action of the insurer in commencing previously refused payments and resisting the withdrawal was not a matter of altruism but a matter of seeking to protect itself against the possible consequences of the existing state suit against the employer’s officials. Nevertheless, the judge noted that the Deputy Commissioner had the discretion to approve or disapprove in the claimant’s best interest, and upon the showing that the accrued compensation owed to that date amounted to more than $18,000, and that the claimant was entitled to be paid weekly compensation of $108.69, together with reasonable medical expenses from the injury, apparently without limitation as to time, that his discretion dictated the continuance of federal benefits rather than the possible risk of loss which could be faced in the prosecution of the state actions.
At this stage of the proceedings, it would appear that plaintiff had clearly made an election to pursue state benefits rather than federal benefits and was only prevented from doing so by the refusal of the Deputy Commissioner to approve withdrawal of his claim. However, following this, two other events took place which cast doubt upon this clear election, which appellee contends show reversal of election or at least acquiescence in the federal benefits.
The first of these is failure of the employee to prosecute an appeal from the ruling of the administrative law judge referred to above. Although an appeal was permitted from that ruling, the employee chose not to prosecute that appeal, contending that it would be useless and unavailing under the legal circumstances. Considering appellee’s contentions, there exists a dispute over the reasons for nonprosecution of the appeal, and if that is a material fact, this being summary judgment, we would have to reverse the decision. However, there is no way to determine the truth of the reason advanced, for this we could only speculate what was in the employee’s mind. We consider material only the fact that he did not appeal. We believe the case of Ryder v. Insurance Company of North America, supra, to be persuasive of our determination that the failure to appeal under the circumstances existing had no effect on the employee’s right to proceed under state law. We note that the employee had filed for benefits under both jurisdictions, and that the insurer was paying benefits under the state law. It was as a result of the insurer’s election to stop paying state benefits and to voluntarily pay federal benefits, that the federal suit got in the posture that developed, wherein the original claimant for benefits is then insisting that he is not entitled to benefits because he does not want them, and the insurer is contending that its obligation is to pay under the federal statute. The obvious basis for the rule expressed in the Poche-Adams case is that the election or choice is the right of the claimant and not the right of the insurer or employer. The decision against the employee is final and conclusive only as to his rights arising in the federal suit, and does not preclude him from seeking an award of compensation in accordance with Louisiana law. See for example Griffin v. Universal Underwriters Insurance Company, supra.
The second event is that, after a period of rejecting tender of the checks for the amount due under the LHWCA, the employee then began accepting the checks, cashing them, and at the time of trial was current with the payments due under the LHWCA. The benefits he has received thereunder are in excess of that to which he would be entitled to under Louisiana law at the concurrent point in time and will continue to be greater over the effective date *1343 of the respective payments. It is argued to us that the final acceptance of these payments constitutes an election to receive the federal benefits, and especially because the amount received greatly exceeds the amount due under the Louisiana system. We do not agree. As we see it, the basic purpose of the workman’s compensation laws is to enable an injured worker to receive some payments for his support during his disability. Under the holding in the Poche-Adams case, the workman is entitled to make an election or choice of which system of benefits he shall receive. In a case such as this, where the insurer is the same person in each system the insurer, by offering the workman whatever benefits it chose and withholding the other, could force a penurious workman to accept benefits under the one system, and then contend that this alone constituted an election. Such are the facts as we have before us, with an additional fact we deem not controlling.[1] The insurer, by its shift in decision as to which benefits it would pay, has presented the workman with a situation where he must accept the federal benefits, or be deprived of any at all until he is able to obtain relief under the state system. We believe such a forced election is not such an election as meets the standards proposed to us in Poche-Adams. The fact that the federal benefits received are in excess of those which may be received under the state system is a fact which may be considered by the appropriate court by granting credit for the payments made. See Griffin v. Universal Underwriters Insurance Company, supra, and Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc., supra.
Accordingly, we conclude that the undisputed facts do not show an election to accept the federal benefits to the exclusion of the Louisiana benefits, and the motion for summary judgment should have been denied. We reverse the judgment appealed from and remand this matter for further proceedings in accordance with the views expressed herein.

REVERSED AND REMANDED.

. The additional fact is that the workman also finally cashed a $4,058.92 check for the difference in amounts between the state compensation benefits which were at first paid by the insurer and the federal compensation benefits which the insurer later decided it was to its advantage to pay.