LEMMON, Judge.
The issue in this appeal by plaintiff from a judgment dismissing his suit for Louisiana workmen’s compensation benefits is whether plaintiff made a binding election to accept benefits under the Longshoremen’s and Harbor Workers’ Compensation Act (33 U.S.C. § 901 et seq.) so as to preclude a suit for recovery under the Louisiana Workmen’s Compensation Act (R.S. 23:1021 et seq.).
I
Defendants filed exceptions of no cause of action and lack of jurisdiction over the subject matter, asserting that the suit for state compensation benefits was precluded by his election to recover under the federal act. The trial court maintained the exception and dismissed the suit, and plaintiff appealed.
At oral argument the court pointed out that the petition (which did not mention the receipt of federal benefits) clearly stated a cause of action for state benefits and that the district court clearly had subject matter jurisdiction to adjudicate suits for state compensation benefits. However, since both counsel had argued the election of remedies issue in the trial court and since that court had apparently treated the proceeding as a motion for summary judgment, this court suggested it would be a waste of time to remand, the matter and reach the same result after the proper motion and affidavits were filed. Counsel agreed, and they subsequently filed a stipulation of facts, further stipulating that this court could treat this appeal, with the record thus supplemented, as one from a summary judgment.
II
The following facts were stipulated by the parties: On January 28, 1975 plaintiff sustained an injury to his foot while in the course of his employment with defendant. After returning to work, he sustained an on-the-job injury to his hand on May 4, 1976. Defendant paid plaintiff $4,438.31 in periodic compensation payments of $132.77 per week for temporary total disability between January 28, 1975 and September 18, 1975 and also made a voluntary payment of $6,804.46 for 25% permanent partial disability, all calculated on the basis of the Longshoremen’s and Harbor Workers’ Compensation Act. In July, 1976 plaintiff consulted an attorney, who filed suit for state compensation benefits on November 3,1976.
III
In Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La. 1976) the crucial issue was *1373 whether state compensation was available to a claimant who was injured at an onshore point covered by the 1972 amendments to the federal act. In holding that the claimant could choose either compensation system, the Supreme Court noted that Adams (the claimant in the companion case) had elected to receive federal benefits and held he could not bring an executive officer action, which was expressly prohibited by the federal compensation statute. The dissenting opinion pointed out that the question as to the binding nature of an election had never been raised as an issue or briefed or argued by either party. On rehearing the court, noting the record showed only that plaintiff had received federal benefits, remanded the case for evidence on the issue of whether plaintiff had made an election that precluded his right to recover state compensation benefits.
No case cited to this court has held than an election under one system precludes a claimant’s rights to benefits under the other system, as long as there is no double recovery.
In Biondolillo v. Geosource, Inc., 359 So.2d 286 (La.App. 4th Cir. 1978) the court held that an election binding on the claimant does not take place when the employer or its insurer elected the form of benefits to be distributed and the claimant simply cashed the compensation checks.
In Palmer v. Keeney, 357 So.2d 1339 (La.App. 4th Cir. 1978) the court observed that election of benefits is a right of the claimant and not the insurer and held that the employer cannot choose to pay benefits under one system rather than the other and then contend that a claimant, disabled from work and without other means of support, has made a binding election by accepting the only benefits the employer offered to provide under circumstances in which some benefits are indisputedly due.
Here, plaintiff was unquestionably entitled to some form of compensation from his employer. He did not file pleadings to collect either (the claimant in Palmer filed both) until payments were stopped. He is not seeking double recovery, but concedes that all sums received from the employer must be credited against any award in this suit.
If there is such a thing as a binding election of one remedy which precludes a claimant from pursuing the other remedy, nothing in the factual circumstances of this case justifies the legal conclusion that such an election has been made.
The judgment of the trial court is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed against defendants.

REVERSED AND REMANDED.