584 So.2d 348 (1991)
James Ray JACKSON, Plaintiff-Appellant,
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, et al, Defendants-Appellees.
No. 90-224.
Court of Appeal of Louisiana, Third Circuit.
July 16, 1991.
Rehearing Denied September 13, 1991.
Writ Denied November 22, 1991.
*349 Ralph Brewer, Baton Rouge, for plaintiff-appellant.
Mouton & Roy, Phillip Roberts, Lafayette, for defendants-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and FORET, JJ.
FORET, Judge.
This is an appeal from a grant of summary judgment in favor of Land & Offshore Service, Inc. and American Mutual Liability Insurance Company, defendantsappellees herein, and against James Ray Jackson, plaintiff-appellant herein. This is a suit for Louisiana workers' compensation benefits, arising out of the "old" workers' compensation law prior to its amendment in 1983.

FACTS
The trial court succinctly stated the facts as follows:
"Plaintiff, James Ray Jackson, was injured on September 24, 1979, while employed by Land & Offshore Services, Inc., hereinafter referred to as L & O. Following this accident, American Mutual Liability Insurance Company began paying Jackson worker's compensation benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 933. Mr. Jackson continued to receive LHWCA benefits until July 25, 1983, when defendants learned that Jackson has settled his tort suit against Union Oil Company, the tortfeasor, providing Mr. Jackson with an initial settlement of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, as well as periodic future payments totalling THREE HUNDRED TWENTY-FIVE THOUSAND AND NO/100 ($325,000.00) DOLLARS. According to the provision of 33 U.S.C. 933, a worker who is receiving benefits under the LHWCA who enters into a settlement without first obtaining the written approval of his employer, terminates any rights the worker may have to future benefits under the LHWCA.
"Following termination of his benefits, Jackson filed a claim for workers compensation benefits under the LHWCA. This claim was denied. A hearing was then held before an administrative law judge, appeals were taken to the Benefits Review Road and finally to the U.S. Court of Appeals for the Fifth Circuit, all denying plaintiff further benefits under the LHWCA. Thereafter, plaintiff filed suit seeking to recover benefits under the Louisiana Workers Compensation law."
Pursuant to motion for summary judgment filed by defendants herein, the trial court dismissed plaintiff's suit with prejudice. Plaintiff now appeals from that grant of summary judgment.[1]

*350 ISSUE
The sole issue before us is whether or not the trial court erred in determining that Jackson had elected a federal remedy under Longshoremen's and Harbor Workers' Compensation Act (LHWCA) and was thereby precluded from pursuing a remedy under Louisiana's workers' Compensation Act. We find that the law, at the time of plaintiff's injury in 1979, did not bar his action for state compensation benefits and thus, we reverse the judgment of the trial court.[2]

DISCUSSION
It is well settled that the mere receipt of federal benefits will not foreclose a future action for benefits under state workers' compensation. See Batiste v. Hopeman Brothers, Inc., 508 So.2d 922 (La.App. 4 Cir.1987), writ denied, 512 So.2d 1178 (La. 1987); Biondolillo v. Geosource, Inc., 359 So.2d 286 (La.App. 4 Cir.1978), writ denied, 362 So.2d 580 (La.1978); Jenkins v. Archer-Daniels-Midland Co., 347 So.2d 314 (La.App. 4 Cir.1977); Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962).
The courts have also held that in order to constitute a binding election to receive federal benefits rather than state benefits, the choice must be the employee's and not the employer's. In Palmer v. Keeney, 357 So.2d 1339 (La.App. 4 Cir.1978), writ denied, 359 So.2d 629 (La.1978), the plaintiff filed for both LHWCA and state workers' compensation benefits. He was sent benefits under state law and refused federal benefits. The insurer then changed positions and sent federal benefits, which Palmer refused to accept. Palmer attempted to withdraw his federal claim, which was denied by the Deputy Commissioner. He then appealed this denial to the Benefits' Review Board. Upon remand, an administrative law judge affirmed the denial of his request to withdraw his federal claim. Subsequently, Palmer began accepting federal benefits. Nevertheless, the court found that these undisputed facts did not show an election to accept the federal benefits to the exclusion of the Louisiana benefits and the grant of summary judgment against Palmer was reversed.
Although the issue has been phrased as an "election of benefits," in 1979, plaintiff was not put to an election of remedies in its true sense. A true election must consist of two or more inconsistent remedies, wherein the election of one would preclude or bar the exercise of another option. See Brown v. Lancaster, 218 La. 1036, 51 So.2d 617 (1951); Finn v. Employers' Liability Assurance Corp., 141 So.2d 852 (La.App. 2 Cir.1962). While it is true that double recovery under both federal and state compensation schemes is not allowed,[3] the two systems are not exclusive or inconsistent but instead, provide concurrent jurisdiction for certain workers.[4]
As stated by the United States Supreme Court in Sun Ship, Inc. v. Pennsylvania, supra, 100 S.Ct. at pages 2438, 2439:
"When laborers file claims under the LHWCA, they are compensated under federal standards. And workers who commence their actions under state law will generally be able to make up the difference between state and federal benefit levels by seeking relief under the Longshoremen's Act, if the latter applies.
To be sure, if state remedial schemes are more generous than federal law, concurrent jurisdiction could result in more favorable awards for workers' injuries than under an exclusively federal compensation system. But we find no evidence that Congress was concerned about a disparity between adequate federal *351 benefits and superior state benefits."
With Sun Ship in mind, we view the issue as one of whether or not Jackson retains his right to pursue state workers' compensation, as a matter of law, after a final judgment in federal court which resulted in the termination of LHWCA benefits.
This lack of inconsistency between remedies was noted by Judge (now Justice) Lemmon of the Fourth Circuit in Valdez v. Equitable Equipment Company, Inc., 383 So.2d 1371 (La.App. 4 Cir.1980). In Valdez, the Fourth Circuit was faced with the same issue, i.e., whether the plaintiff had made a binding election to accept benefits under LHWCA so as to preclude a suit for recovery under the Louisiana Workers' Compensation Act. As in this case, the plaintiff first received voluntary periodic compensation payments in addition to a voluntary lump sum payment, all calculated under the LHWCA. Subsequently, the plaintiff filed suit for state compensation benefits. Judge Lemmon, in reversing the trial court's dismissal of plaintiff's suit, stated at page 1373, as follows:
"No case cited to this court has held than an election under one system precludes a claimant's rights to benefits under the other system, as long as there is no double recovery.
. . . .
Here, plaintiff was unquestionably entitled to some form of compensation from his employer. He did not file pleadings to collect either ... until payments were stopped. He is not seeking double recovery, but concedes that all sums received from the employer must be credited against any award in this suit.
If there is such a thing as a binding election of one remedy which precludes a claimant from pursuing the other remedy, nothing in the factual circumstances of this case justifies the legal conclusion that such an election has been made." The issues which arise concerning a claimant's entitlement to both federal and state compensation benefits are analogous to the issues involved when a plaintiff receives benefits from more than one state.
In Griffin v. Universal Underwriters Ins. Co., 283 So.2d 748 (La.1973), the facts were quite similar to the case at bar. Griffin was injured in 1970, after which his employer paid the maximum allowable compensation benefits (under both Louisiana and Texas law). Meanwhile, Griffin settled with a third party tort-feasor. After Griffin's employer learned of the settlement, it requested the Texas Board to suspend Griffin's benefits because, under the Texas Workman's Compensation Act, an election to recover against a third party tort-feasor precludes the right to recover compensation. Griffin made a demand for the resumption of workman's compensation benefits, which was denied by the Texas Board.
Meanwhile, Griffin filed suit against his employer for compensation under the Louisiana Workmen's Compensation Act. Both the trial court and the court of appeal dismissed plaintiff's suit, reasoning that Louisiana must afford full faith and credit to a final Texas judgment.
The Louisiana Supreme Court, in considering the effect of a final Texas judgment on plaintiff's right to claim workmen's compensation benefits under the Louisiana Workmen's Compensation Act, was not concerned as to whether or not the plaintiff had made an "election of remedies" but instead, was concerned as to whether the "full faith and credit" doctrine would bar a subsequent Louisiana action. The Louisiana Supreme Court determined that, under the dictates of Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140 (1947),[5] it was necessary to look to Texas law to determine whether the Texas Act foreclosed an additional award under Louisiana Law after a Texas award for compensation. The Louisiana Supreme Court, in reviewing the *352 dismissal of plaintiff's suit, found that the Texas award was "final and conclusive only to the rights arising in Texas, and Louisiana [was] free under the full faith and credit clause to grant an award of compensation in accordance with its own laws, after giving credit for the sums paid under the Texas Act." Griffin, supra, at page 752.
Likewise, we find that the LHWCA judgment, in this case, is final only as to Jackson's rights arising under federal law. In 1979, when Jackson was injured, there was no authority which precluded successive recoveries under state law after an award under LHWCA, although double recovery has always been disallowed[6]. Therefore, Jackson may file suit under Louisiana law since such actions were allowed at the time the cause of action arose.
Subsequent to 1979, the 1983 Legislature enacted La.R.S. 23:1225(D) which states, in pertinent part:
"D. The filing of a claim or suit or the receipt or acceptance of compensation or medical benefits by an employee or employee's representative pursuant to benefits provided under any federally enacted worker's compensation law shall not preclude such employee's or representative's entitlement to any benefit under this Chapter for the same injury or occupational disease. Notwithstanding the filing of such claims, payments of benefits under the Chapter is irreconcilable with worker's compensation benefits provided pursuant to any federally enacted worker's compensation law. No compensation or medical benefits, of whatever nature, shall be payable under this Chapter if the employee or employee's representative receives favorable final adjudication, judgment, or settlement of any claim pursuant to any federally enacted worker's compensation law, regardless of the adequacy thereof."[7] (emphasis added)
Applying the above provision retroactively to the facts of this case, there still exists no bar to a successive award under state law unless there has been a "favorable final adjudication, judgment, or settlement of any claim pursuant to any federally enacted worker's compensation law, regardless of the adequacy thereof." § 1225(D) (Emphasis ours).
Jackson's unsuccessful litigation involving the termination of voluntary benefits paid under LHWCA, although final, would not be considered favorable for purposes of acting as a bar under Louisiana law.[8]
Conversely, in Edwards v. Hartzman, 362 So.2d 1188 (La.App. 4 Cir.1978), it was held that a prior judgment for compensation benefits, pursuant to the Louisiana Workman's Compensation Act, evidenced a clear choice or election of the state scheme of recovery. We note that this election of benefits was evidenced by a prior successful and favorable remedy, unlike the prior federal judgment in this action, which denied Jackson relief from the termination of his federal benefits. See also Brooks v. Avondale Shipyards, Inc., 553 So.2d 960 (La.App. 4 Cir.1989), writ denied, 558 So.2d 1129 (La.1990) (Plaintiff received state benefits after receipt of federal benefits and subsequent rejection of claim under LHWCA).
Similarly, in Pankratz v. Noble Drilling Corp., 501 So.2d 797 (La.App. 4 Cir.1986), the plaintiffs filed suit for death benefits *353 and worker's compensation benefits in state court after unsuccessfully pursuing both a tort claim in federal court and a claim for federal benefits under the LHWCA. The issue as to the claimant's right to apply for state benefits after a denial of federal benefits was not at issue before the court.
Finally, in Callahan v. Louisiana Offshore Caterers, 546 So.2d 956 (La.App. 3 Cir.1989), although the question as to whether the plaintiff was entitled to successive awards was not at issue, we applied a portion of Section 1225(D) retroactively in concluding that the plaintiff's claim had prescribed. In Callahan, the plaintiff was paid benefits pursuant to LHWCA for twelve weeks. These benefits were terminated when plaintiff was released to return to work. He then filed suit for state worker's compensation benefits. It does not appear that the question of plaintiff's entitlement to state benefits after termination of federal benefits was at issue before the court.

CONCLUSION
Summary judgments shall be rendered only where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that, the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
The mover must prove that a plaintiff has made a binding election of one remedy to the exclusion of another. See Allen v. Keeney, 442 So.2d 1171 (La.App. 1 Cir. 1983), writ denied, 445 So.2d 1232 (La. 1984). We do not find that the mover in this case has shown, as a matter of law, that the actions of Jackson, in contesting a ruling regarding his federal benefits to an unsuccessful end, eliminate his right to a state compensation remedy, pursuant to the status of the law at the time this cause of action arose.
As such, we reverse the judgment of the trial court granting summary judgment in favor of defendants. We remand this action to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendants, Louisiana Insurance Guaranty Association (LIGA) and Land & Offshore Services, Inc. Costs at the trial level shall await final disposition of this matter.

DECREE
REVERSED AND REMANDED.
NOTES
[1] Louisiana Insurance Guaranty Association (LIGA) has been substituted as a party defendant for American Mutual Liability Insurance Company.
[2] We do not reach the issue as to the legal ramifications for Jackson, under state law, in regard to the settlement of his third party tortfeasor action without the consent of his employer and state compensation carrier.
[3] Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 n. 8 (1980); Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La.1976), appeal dismissed, Territo v. Poche, 434 U.S. 803, 98 S.Ct. 31, 54 L.Ed.2d 60.
[4] See Beverly v. Action Marine Service, Inc., 433 So.2d 139 (La.1983); Allen v. Keeney, 442 So.2d 1171 (La.App. 1 Cir.1983), writ denied, 445 So.2d 1232 (La.1984).
[5] McCartin ruled that an award of compensation in one state would not bar an award of benefits in another state if the laws of the state granting the first award did not expressly prohibit such successive awards. See also Ryder v. Insurance Co. of North America, 282 So.2d 771 (La.App. 3 Cir.1973).
[6] See Babineaux v. Southeastern Drilling Corp., et al, 170 So.2d 518 (La.App. 3 Cir.1965), writs refused, 247 La. 613, 172 So.2d 700 (1965), appeal dismissed, Seacat Marine Drilling Co. v. Babineaux, 382 U.S. 16, 86 S.Ct. 67, 15 L.Ed.2d 12 (1965).
[7] The claimant is now put to a true election of remedies by the addition of the language in Section 1225(D) which makes the payment of state compensation benefits "irreconcilable" with the payment of federal compensation benefits.
[8] La.R.S. 23:1225(D) was repealed effective January 1, 1990. We note that under La.R.S. 23:1035.2, effective January 1, 1990, there would be no issue as to whether a plaintiff could proceed under state compensation law when covered by the LHWCA. Section 1035.2 states:

"§ 1035.2. Claims covered by certain federal laws
No compensation shall be payable in respect to the disability or death of any employee covered by.... the Longshoremen's and Harbor Worker's Compensation Act, or any of its extensions,....."