I «CANNELLA, J.
Claimant, Eddie Wade, appeals from the trial court action granting summary judgment in favor of defendant, Consolidated Freightways. For the reasons which follow, we reverse.
The matter was submitted on defendant’s motion for summary judgment on the following uncontested facts. Claimant is, and at all times pertinent hereto has been, a domiciliary and resident of Texas. At the time of the accident giving rise to the instant claim, claimant was employed by Consolidated Freightways out of their Houston, Texas terminal. Claimant was injured on August 1, 1995 in Louisiana while in the course and scope of his employment. Claimant received medical payments and compensation benefits under Texas Workers’ Compensation law until June 5, 1996, when benefits terminated. Claimant filed the instant claim for workers’ compensation benefits on May 12, 1997 in the 1 ..¡Louisiana Office of Workers’ Compensation (OWC). Defendant responded with an answer. Defendant also filed a motion for summary judgment requesting that claimant’s action be dismissed on the grounds that judicial economy dictates that this action for additional benefits belongs in Texas.
Claimant argued to the contrary, that Louisiana law applied to the claim, relying on Louisiana cases which have held that the state where the accident occurred may apply its law to the controversy or award of workers’ compensation benefits.
The trial judge granted the summary judgment and dismissed claimant’s case. *707 It is from this judgment that claimant appeals.
On appeal claimant argues that the summary judgment was granted erroneously because defendant is not entitled to judgment as a matter of law. It is well settled that Louisiana Workers’ Compensation Law applies to claims where the employee is injured in Louisiana even though he is not a Louisiana resident. Plaintiff argues that the trial court erred in dismissing his claim simply on the basis that he had previously received benefits under Texas Workers’ Compensation Law. We agree.
Both state and federal courts have recognized the right of a state where an employee is injured to apply that state’s workers’ compensation laws to the employee’s claim, even if the employee is a resident of another state and the contract of employment was entered into in another state. Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955); Pacific Employers Ins. Co. v. Industrial Accident Comm., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); Griffin v. Universal Underwriters Ins. Co., 283 So.2d 748 (La.1973), certiorari denied, 416 U.S. 904, 94 S.Ct. 1607, 40 L.Ed.2d 108 (1974); Banks v. Carl Ott Poles and Piling, Inc., 440 So.2d 803 (La.App. 1st Cir.1983), writs denied, 444 So.2d 1244 (La.1984); McKane v. New Amsterdam Casualty Co., 199 So. 175 (La.App.Orl.Cir.1940). As noted in Pacific Employers Ins. Co., supra at p. 503, 59 S.Ct. 629, “... few matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power ... [than] the bodily safety and economic protection of employees injured within it.” And as further explained in Carroll, supra at 414, 75 S.Ct. 804, “were it otherwise, the state where the injury occurred would be powerless to provide any remedies or safeguards to nonresident employees working within its border.” Even defendant acknowledges that plaintiff could have brought his original claim for workers’ compensation in the state of Louisiana.
Thus, given the fact that Louisiana Law is applicable to this claim, the question becomes whether the claimant should be prevented from asserting his claim for additional benefits here solely because he has previously received benefits under Texas law. The jurisprudence, law and reason dictate that the answer to this question is no.
In Griffin v. Universal Underwriters Ins. Co., supra, the Supreme Court was confronted with virtually the same facts as those presented here and concluded that Louisiana was free to apply its own law to the controversy after giving proper credit for the amounts already paid under the Texas statute. In Griffin, the employee was a Texas domiciliary, hired in Texas and injured in Louisiana while driving a vehicle leased to a Georgia corporation. Payments to the employee of wage benefits and medical expenses under Texas law commenced almost immediately, following a settlement between the employee and the other driver, following Texas law, compensation benefits were |Bterminated. The employee then filed a claim against the workers compensation insurer in Louisiana. On defendant’s motion, the trial court dismissed the employee’s claim and the court of appeal affirmed. Griffin v. Universal Underwriters Ins. Co., 268 So.2d 702 (La.App. 1st Cir.1972). However, the Supreme Court granted writs and ultimately reversed both lower courts. Griffin v. Universal Underwriters Ins. Co., supra.
This is the result which seems intended by the Legislature in enacting La. R.S. 23:1035.1 which provides in pertinent part:
The payment or award of benefits under the workers compensation law of another state, territory, province, or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this Chapter shall not be a bar to a claim for benefits under this act; provid *708 ed that claim under, this act is filed within the time limits set forth in R.S. 28:1209. If compensation is paid or awarded under this act:
(a) The medical and related benefits furnished or paid for by the employer under such other workers’ compensation law on account of such injury or death shall be credited against the medical and related benefits to which the employee would have been entitled under this act had claim been made solely under this act;
(b) The total amount of all income benefits paid or awarded the employee under such other workers’ compensation law shall be credited against the total amount of income benefits which would have been due the employee under this act, had the claim been made solely under this act;
Moreover, as noted in The Louisiana Civil Law Treatise on Workers’ Compensation, Vol. 14, § 409 at p. 452 — 458, the result obtained in Griffin, supra, “is as it should be.”
If Louisiana has sufficient interest in the affair to permit its courts to entertain jurisdiction over the subject matter, then it has sufficient interest to see that the tenets of its compensation act are carried out. The jurisprudential and now statutory requirement that credit be given for all benefits paid under the law of another state should, and does, protect the employer against recovery beyond that authorized by the Louisiana Act. There would appear to be no reason to penalize an employee for a choice of a | (¡lower-benefit state, particularly in view of the fact that the choice is often not entirely his, or even not his at all.[1]
Therefore, we find that since the claim could have originally been asserted in Louisiana, there is no bar to the employee’s claim for additional compensation benefits under the Louisiana Workers’ Compensation Act simply because some benefits have already been paid under Texas law. Credit is due for the payment of benefits under Texas Law, but the trial judge erred in finding that such payments bar the instant claim.
Accordingly, for the foregoing reasons, the judgment of the Louisiana OWC dismissing the employee’s claim is reversed and the case is remanded for further proceedings consistent with the views expressed herein. Costs of appeal are assessed against defendant.
REVERSED AND REMANDED.

. For an excellent overview of this entire area of the law see W. Malone & H. Johnson, Workers’ Compensation, §§ 401 — 410 (14 Louisiana Civil Law Treatise 3d ed.1994).